Ms. Mary Kay Cariseo Executive Director Florida Association of Counties Post Office Box 549 Tallahassee, Florida 32302
Dear Ms. Cariseo:
On behalf of the Florida Association of Counties and in light of the duties imposed on the association by section 624.91(5)(a), Florida Statutes, as amended by section 14, Chapter 02-404, Laws of Florida, you ask substantially the following question:
Does the constitutional prohibition against dual officeholding prevent the Florida Association of Counties from recommending county commissioners to serve on the Florida Healthy Kids Board of Directors?
In sum:
The constitutional prohibition against dual officeholding would not prevent the Florida Association of Counties from recommending county commissioners to serve on the Florida Healthy Kids Board of Directors.
Section 624.91, Florida Statutes, creates the Florida Healthy Kids Corporation, which is intended to provide comprehensive health insurance coverage to children who do not have affordable health care services available.[1] Subsection (5)(a) of the statute prescribes the composition of the corporation's board of directors. As amended by section 14, Chapter 02-404, Laws of Florida, subsection (5)(a) provides that the board of directors shall be composed of, among others,
"11. One member, appointed by the Chief Financial Officer, from among three members nominated by the Florida Association of Counties, representing rural counties;
12. One member, appointed by the Governor, from among three members nominated by the Florida Association of Counties, representing urban counties . . . ."
Since the association is charged with making recommendations to the Chief Financial Officer and the Governor for appointment to the Florida Healthy Kids Corporation's board of directors, you ask whether Article II, section 5(a), Florida Constitution, would prohibit a county commissioner from serving on the board of directors.
Article II, section 5(a), Florida Constitution, provides in part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except . . . any officer may be a member of a . . . statutory body having only advisory powers."
This constitutional provision prohibits a person from serving in more than one state, county, or municipal office simultaneously. The prohibition applies to both elected and appointed offices.[2] The term "office" is not defined by the Constitution, although the Supreme Court of Florida has stated that the term "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office . . . ."[3]
The courts have held that the Legislature may constitutionally impose additional or ex officio duties and responsibilities upon a public officer. Such legislative designation of public officers to perform exofficio the functions of another or second office does not violate the constitutional dual officeholding prohibition.[4]
Section 624.91(5), Florida Statutes, in prescribing the composition of the corporation's board of directors, provides for various organizations to nominate candidates for appointment to the board of directors. Some provisions authorize the appointment of board members from "persons" recommended by an organization.[5] Section 624.91(5)(a)11. and 12., Florida Statutes, as amended, however, provides for the appointment from among three "members nominated by the Florida Association of Counties[.]" (e.s.) The use of the term "members" rather than "person" indicates that the Legislature contemplated that the nominees from the association would come from the association's membership, i.e., county commissioners.[6]
Thus, the statute would appear to constitute a legislative designation for such officials to be nominated by the association to perform exofficio the function of serving on the corporation's board of directors.
Accordingly, the constitutional prohibition against dual officeholding would not prevent the Florida Association of Counties from recommending county commissioners to serve on the Florida Healthy Kids Board of Directors.[7]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 624.91(2), Fla. Stat., setting forth the legislative intent.
[2] See, Ops. Att'y Gen. Fla. 69-2 (1969) and 80-97 (1980).
[3] See, State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).
[4] See, Bath Club, Inc. v. Dade County, 394 So.2d 110, 112 (Fla. 1981); State v. Florida State Turnpike Authority, 80 So.2d 337 (Fla. 1955); State ex rel. Gibbs v. Gordon, 189 So. 437 (Fla. 1939); Amos v.Mathews, 126 So. 308 (Fla. 1930).
[5] See, s. 624.91(5)(a)1. and 2., Fla. Stat., as amended by s. 14, Ch. 02-404, Laws of Florida, which provide:
"1. One member appointed by the Commissioner of Education from among three persons nominated by the Florida Association of School Administrators;
2. One member appointed by the Commissioner of Education from among threepersons nominated by the Florida Association of School Boards . . . ." (e.s.)
[6] Other provisions of s. 624.91(5)(a), Fla. Stat., as amended, refer to members selected from nominees representing a particular organization. See, e.g., s. 624.91(5)(a)5. (one member, appointed by the Governor, who represents the Children's Medical Services Program); s.624.91(5)(a)7. (two members, appointed by the Chief Financial Officer, who are representatives of authorized health care insurers or health maintenance organizations); s. 624.91(5)(a)8. (one member, appointed by the Chief Financial Officer, who represents the Institute for Child Health Policy).
[7] In light of this office's conclusion regarding the ex officio
designation, it is not necessary to address whether membership on the corporation's board of directors constitutes an "office" for purposes of Art. II, s. 5(a), Fla. Stat. Cf., Op. Att'y Gen. Fla. 96-95 (1996), concluding that while s. 39.085, Fla. Stat., states that the Alternative Education Institute is a not-for-profit corporation, it is created by statute within the Department of Education and acts as an instrumentality of the state, carrying out a governmental function; based on the institute's powers and duties, membership on the institute's board of directors constituted an office within the meaning of Art. II, s. 5(a), Florida Constitution.